# SUPREME JUDICIAL COURT

#### FOR THE

## COUNTIES OF HAMPSHIRE, FRANKLIN, AND HAMPDEN, SEPTEMBER TERM 1838 AT NORTHAMPTON.

---

PRESENT.

Hon. LEMUEL SHAW, Chief Just :e,
Hon. SAMUEL S. WILDE,
Hon. MARCUS MORTON, } Justices
Hon. CHARLES A. DEWEY,

---

## LATHROP REED *versus* GEORGE W. BOARDMAN.

In the case of a deposition taken in another State under a commission from this Court, the commissioner certified that "in all things as he was by said commission directed, he took the answer of the deponent on oath to the direct and cross interrogatories annexed," not stating in detail that he conformed in all particulars to the seventh rule of the Court, which accompanied the commission. *Held*, that the certificate was sufficient.

By *St.* 1799, *c.* 57, upon the death of one of two makers of a joint promissory note, the promise becomes several, and in an action upon such a note against the executor of the deceased promisor, the survivor is a competent witness for the executor, being first released by him.

The surety on a promissory note gave money to the principal and directed him to pay the note with it, and the principal took it to the holder and told him it was the surety's money, sent to pay the note ; the holder however declined receiving it upon the note, but took it in payment of another demand against the principal, to which appropriation the principal ultimately assented. *Held*, that the holder must be deemed to have received the money of the surety, in payment of the note.

ASSUMPSIT against the executor of Daniel Boardman, on a promissory note as follows : " Worthington, June 13th, 1833.

Reed
v.
Boardman.

For value received we, Thomas D. Wasson, as principal, and Daniel Boardman, as surety, promise to pay Lathrop Reed or bearer three hundred dollars with use sixty days after date. Thomas D. Wasson. Daniel Boardman." On the note was indorsed, under date of September 5, 1833, a payment of $110·20.

The cause was tried before *Morton* J.

The defence relied on was contained in the deposition of Wasson. The plaintiff objected to the admission of this deposition, on account of the manner in which it was taken, and because the witness was interested.

As to the first objection, it appeared that the deposition was taken under a commission from this Court, and was returned with the following certificates of the commission : — " Sworn this 16th day of April, 1838, before me, J. L. Richardson, First Judge of Cayuga." — " I, Joseph L. Richardson, First Judge of Cayuga county in the State of New York, do certify, that on, &c. I caused Thomas D. Wasson, &c., to come before me at my office &c., and there in a private manner and in all things as I was by said commission directed, did take the answer of the said Thomas D. Wasson, on oath, to the direct and cross interrogatories hereunto annexed. J. L. Richardson."

With respect to the second objection, it appeared that before the deponent gave his deposition he had received a release from all liability to the defendant individually and as executor, on account of the note.

Both objections were overruled, and the deposition was admitted. The substance of it is hereafter stated in the opinion of the Court. The plaintiff contended that the deposition did not amount to a defence, or proof of payment to the amount of 300 dollars. But the jury were instructed, that if they believed the deponent, they should allow to the defendant that sum ; and they accordingly allowed the defendant that sum and returned a verdict for the plaintiff for only 4 dollars and 65 cents. To this direction the plaintiff excepted.

If the deposition was properly admitted and the above direction was correct, judgment was to be entered on the verdict ; otherwise a new trial was to be granted.

*Wells, Alvord* and *Rising*, for the plaintiff, cited in support of the objection to the caption of the deposition, Revised Stat. *c.* 94, § 23, 30 : *Amory* v. *Fellowes,* 5 Mass. R. 226 ; *Davis* v. *Allen,* 14 Pick. 313 ; to the point, that the witness was incompetent on the ground of interest, 3 Stark. Ev. 1729, 1731 ; *Riddle* v. *Moss,* 7 Cranch, 206 ; *Peirce* v. *Butler,* 14 Mass. R. 303 ; *Emerton* v. *Andrews,* 4 Mass. R. 653 ; 2 Stark. Ev. 783, 784 ; *New York Slate Co.* v. *Osgood,* 11 Mass. R. 60.

*I. C. Bates* and *Huntington,* for the defendant, cited as to the sufficiency of the caption, 1 Stark. Ev. 280 ; *Briggs* v. *Murdock,* 13 Pick. 305 ; *Davis* v. *Allen,* 14 Pick. 313 ; as to the competency of the witness, *Hunt* v. *Adams,* 6 Mass. R. 519 ; *Bent* v. *Baker,* 3 T. R. 27 ; *Peirce* v. *Butler,* 14 Mass. R. 303 ; 2 Stark. Ev. 5, 753, 758 ; *Young* v. *Bairner,* 1 Esp. R. 103 ; *Ilderton* v. *Atkinson,* 7 T. R. 480 ; and to the point, that the testimony proved a payment of 300 dollars upon the note, *Tayloe* v. *Sandiford,* 7 Wheat. 20, 21.

SHAW C. J. delivered the opinion of the Court. This is an action of *assumpsit* against the defendant as executor of the will of Daniel Boardman deceased, upon a promissory note signed by Thomas D. Wasson as principal, and the defendant's testator as surety. The defence is, that the note was paid, or nearly so, by the testator in his lifetime, by money furnished by him for that purpose to Wasson, and by him paid to the plaintiff, under such circumstances as to operate, *pro tanto,* as payment of this note.

This defence rests upon the testimony of Wasson, in his deposition, annexed to, and made part of the report. But exceptions are taken to the mode of taking the deposition ; to the competency of the witness ; and to the effect of the testimony.

It is objected, that it does not appear by the caption, or certificate of the commissioner, that in taking the deposition, he conformed in all particulars to the 7th rule of the Court. The ground taken is, that it should be stated affirmatively and in detail, that each act was done, mentioned in the rule.

But the Court are of opinion, that this objection is not well founded. It must appear, when a deposition is taken on com

Reed
v.
Boardman.

mission and interrogatories, that the interrogatories were put, and the deposition taken upon them. *Davis* v. *Allen,* 14 Pick 313. If one or more of the interrogatories were omitted, through apparent mistake or accident, or for a good reason, not affecting materially the testimony, it probably would not be regarded . as a fatal exception. *Savage* v. *Birckhead, ante,* 172. In general, it has been considered sufficient, if it appear that the interrogatories have been put and answered, and the deponent sworn, and the commission returned executed. The commissioner is an officer, intrusted with a portion of the power of the Court, confided in, on the ground of his supposed capacity and integrity. The regulations of the rule cited, are not deemed conditions precedent, a compliance with which must be shown by the caption. They are to be regarded as instructions to guide and regulate the proceeding of the commissioner, in the execution of his trust ; and the rule, or the substance thereof, is to accompany the commission, " by way of notice and instruction to the commissioner." If indeed the commissioner were wilfully to disobey the instructions, and especially if it were done in a manner to give any unfair advantage, it would be a good ground for rejecting the deposition altogether, because it would show that the trust reposed in the commissioner had been abused to purposes of injustice. But such abuse is not to be presumed without proof.

But an objection more strenuously urged is, that the witness was incompetent, on the ground of interest, and that this appears by the general facts of the case, and the relation in which the deponent stands to the parties.

The rule is, that the witness must have a pecuniary interest, which will be advanced by the success of the party calling him, to render him incompetent ; if he is called to testify against his interest, that interest is no objection to his competency.

It appears then that the note was signed by the witness as principal, and by the testator as surety. It was suggested, hat such a note is in its nature joint and several ; joint, because both unite in one and the same promise, and several, because they undertake in different capacities. It is not necessary to decide this, because they were severally liable on another ground, when this action was brought. By the *St*

1799, *c.* 57, in all joint obligations and promises, if one die, the creditor shall have the same remedy against the executor of the deceased, as if the obligation were joint and several. This statute gives a remedy against the representative of the deceased ; the survivor is liable as sole promisor by the common law ; so they are by law, severally liable in all respects.

In this case, it appears that the defendant had given the witness a full release from any claim against him, for debts or costs, before he gave his deposition. Now if the plaintiff recovers in this action, and obtains satisfaction of his judgment, such judgment and satisfaction would be a bar to any action against the witness. In the same event, the defendant would be barred of any action against the witness, by his release, and so the witness would be wholly discharged. But if the plaintiff should fail to recover in this suit, a judgment against him, in favor of the defendant for costs, would be no bar to his action against the witness, who would still be liable to an action for the amount of the note, in virtue of his several responsibility. The consequence is, that so far as the witness had any pecuniary interest, it was to charge the defendant, and thereby to exonerate himself from any further responsibility. But as he was called by the defendant, he was called to testify against his interest, and this does not effect his competency.

But it is objected, lastly, that if the testimony is competent, and the facts stated true, still they do not constitute a defence, as to this sum of three hundred dollars.

The facts testified, in substance, are, that when the note became due, the witness was unable to pay it, and was insolvent ; that his property had been attached, and that known to the plaintiff ; that Boardman his surety, placed in his hands $300 and directed him to go to the plaintiff and pay the note ; that he went to the plaintiff and told him, that it was Boardman's money, sent to pay this note ; that the plaintiff declined taking it on this note, having two other notes against the witness, amounting to about $189, and proposed that those notes should be first paid out of the money and the balance indorsed on this note. This the witness objected to on the ground stated to the plaintiff at the time, that it was Boardman's money and given to him for the express purpose of paying the Boardman

note. We think it is fairly to be inferred from the testi mony, and is taken as a fact, that the witness did ultimately consent to the proposal of the plaintiff, did take up his two notes with part of the money, and had the balance of the $300 indorsed on the note in suit as it now appears, $110·20.

The Court are of opinion that the acceptance by the plaintiff, of the $300, with notice that it was sent by Boardman for the purpose of paying his note, was *de facto* a payment. It is a well settled rule of law, that a party paying money, even where there are several accounts between him and the receiver, has a right to direct on what account it shall go ; and if at the time of the payment, any direction is given as to the appropriation, the receiver, by accepting it, is bound by that appropriation, and the receiver cannot apply it to any other purpose. Here the money was sent to the plaintiff, with distinct notice, that it was Boardman's money, sent to discharge that note, being the only note of the witness on which Boardman was liable to the plaintiff, and the only debt due from Boardman to the plaintiff. Although he at first refused so to accept it, and for aught appears, continued to refuse, yet by the act of accepting it, he was bound to receive it on account of that note, and he is precluded by law from averring that he received it on any other. Wasson, the witness, was a mere agent and messenger to carry the money and give notice of the purpose for which it was sent ; this was made known to the plaintiff ; he had no authority to alter the appropriation and apply it to the payment of his own other debts, and his assent to such change of the application was wholly void, as against the party who sent the money. The Court are therefore all of opinion, that the acceptance of the three hundred dollars thus received by the plaintiff, operated by way of payment and extinguished the debt *pro tanto*, and that the plaintiff is entitled to recover for the balance only.

*Judgment on the verdict*